1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11   MICHAEL J. ZELLIS,                         )
                                               )
12           Petitioner,                       )        2:13-cv-02333-JCM-VCF
                                               )
13   vs.                                       )        **ORDER**
                                               )
14   BRIAN E. WILLIAMS, SR., *et al.*,         )
                                               )
15           Respondents.                      )
     _____/

16

17          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

18   by a Nevada state prisoner.  Petitioner has paid the filing fee for this action.  (ECF No. 5).

19          This court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules

20   Governing Section 2254 Cases in the United States District Courts.  The court concludes that the

21   petition must be dismissed without prejudice for the reasons discussed below.

22          In the petition, petitioner states that his second state post-conviction habeas petition and

23   appeal, in which he challenges the same conviction as in the instant action, is still pending in the

24   Nevada state courts.  (ECF No. 1-1, at pp. 18, 47, 63, 68, 76, 83, 94).  Under principles of comity

25   and federalism, a federal court should not interfere with ongoing state criminal proceedings by

26   granting injunctive or declaratory relief, absent extraordinary circumstances.  *Younger v. Harris*, 401

U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The *Younger* abstention doctrine applies to claims raised in federal habeas corpus proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980). The *Younger* abstention doctrine applies when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, all prerequisites to the *Younger* abstention doctrine are present. First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. Second, the state of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claims asserted in the federal habeas petition. Finally, petitioner has not demonstrated any extraordinary circumstance why this court should not abstain from entertaining the petition. For the reasons discussed above, the federal habeas petition is dismissed without prejudice.

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for

2

certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255

Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at

484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

the questions are adequate to deserve encouragement to proceed further.  *Id.*  In the instant case, no

reasonable jurist would find this court's dismissal of the petition debatable or wrong.  The court

therefore denies petitioner a certificate of appealability.

     **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT**

**PREJUDICE** to petitioner filing a habeas corpus action when all of his state court proceedings

regarding his conviction have concluded.  Petitioner may file a new petition in a new action, but may

not file further documents in this closed action.

     **IT IS FURTHER ORDERED** that all pending motions, including the motions filed at ECF

Nos. 2, 3, & 6, are **DENIED.**

     **IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT**

**ACCORDINGLY**.

     **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

**APPEALABILITY.**

     Dated May 1, 2014.

_____

UNITED STATES DISTRICT JUDGE

3